386 So.2d 669 (1980)
Junior Victor MELANCON
v.
UNITED ASSOCIATION OF JOURNEYMEN, etc., et al.
Dale BRIGNAC
v.
UNITED ASSOCIATION OF JOURNEYMEN, etc., et al.
Nos. 13117, 13118.
Court of Appeal of Louisiana, First Circuit.
February 25, 1980.
Rehearing Denied May 5, 1980.
James M. Boone, Donna W. Lee, Baton Rouge, for plaintiffs-appellants.
Jerry L. Gardner, Jr., New Orleans, for defendants-appellees.
Before ELLIS, CHIASSON and PONDER, JJ.
PONDER, Judge.
These consolidated suits are for damages for personal injuries to plaintiffs and for property damages to the Brignac's car. The trial court dismissed the suits and plaintiffs appealed.
The issue is the sufficiency of proof of "mass action" of the union members.
We affirm.
Members of different unions, all of whom were affiliated with the AFL-CIO, picketed a plant because members of their unions were not being hired by Payne & Keller, contractor for the construction of a pipeline for Toro Petroleum Corporation. A restraining order was issued enjoining defendants from congregating near the plant and allowing a maximum of six pickets on the public property near the site.
While defendants apparently complied with the restraining order, several hundred of their members congregated near the site *670 but away from the pickets. On March 28, 1972, members of Local 102 approached the site in four vehicles. The exact events are unclear from the testimony, but a fight ensued, resulting in the injuries to plaintiffs and in damage to the car.
The Norris-LaGuardia Act (29 U.S.C.A. § 106) states:
"No officer or member of any association or organization, and no association or organization participating or interested in a labor dispute, shall be held responsible or liable in any court in the United States for the unlawful acts of individual officers, members, or agents, except upon clear proof of actual participation in, or actual authorization of, such acts, or of ratification of such acts after actual knowledge thereof."
The "clear proof" required by the Act is not present. Neither of the plaintiffs was able to identify who caused the personal injuries and who damaged the car. There is no proof that the defendants are connected with the alleged wrong. There is no proof that the attackers were union members, much less members acting with any authority or approval from the unions.
Plaintiffs maintain that defendant should be held liable notwithstanding the act, because of Harlem River Consumers Coop., Inc. v. Assoc. Grocers, 450 F.2d 271 (2nd Cir. 1971). The court held that injunctive relief will be granted against a union if it delegates unrestricted authority to an officer or agent going beyond the norms of union conduct or if it can be proved that the union kept the officer or agent after knowledge of illegal activity.
Plaintiffs claim that a meeting was called by the Building and Trades Council at which business agents voted to picket the Toro plant. Plaintiffs feel this action delegated authority which went beyond the norms of union conduct. However, plaintiffs admit there is no record of the meeting or the amount of authority delegated. Therefore, there is no proof, not even circumstantial in nature, showing the union delegated "unrestricted authority."
Plaintiffs then contend that the union is responsible for the mass action of its members. U. S. v. International Union, U.M.W. of A., 77 F.Supp. 563 (D.D.C., 1948); Turnkey Constructors Inc. v. Cement Masons Local Union, 580 F.2d 798 (5th Cir. 1978); Wagner Electric Corp. v. Local 1104 International Union of Electrical Radio & Machine Workers, 361 F.Supp. 647 (E.D.Mo. E.D., 1973).
These cases hold that the concerted action of a multitude of union members can be sufficient proof of the "participation in or actual authorization" of the illegal acts of the members.
In this case there is no evidence showing mass actions of the union members. In fact, all the proof is to the contrary. Even plaintiff's witnesses had difficulty identifying any members, agents or officers from defendant unions at the site. There was no proof of circumstances which would lead to the conclusion that the unions approved of the actions of their members or that their leaders had incited the action. Therefore we are unable to hold the unions responsible for the mass actions of their members.
For these reasons the judgments of the trial court are affirmed at appellants' costs.
AFFIRMED.