No. 53,837

DONALD R. HIESTAND, *Appellee,* v. AMALGAMATED MEATCUTTERS AND BUTCHER WORKMEN OF NORTH AMERICA, AFL-CIO, *et al.,* *Appellant.*

(666 P.2d 671)

Opinion filed July 15, 1983.

*Edward M. Boddington, Jr.,* of Boddington & Brown, of Kansas City, argued the cause and was on the briefs for the appellant.

*Jay Thomas,* of Barnett & Lerner, Chartered, of Kansas City, argued the cause, and *Michael Callen,* of the same firm, was on the brief for the appellee.

The opinion of the court was delivered by

LOCKETT, J.: This is an appeal by defendant labor union from judgment rendered against it for damages for personal injuries sustained by plaintiff. The injuries occurred during a lawful labor strike.

The Court of Appeals reversed the trial court, see *Hiestand v. Amalgamated Meatcutters & Butcher Workmen,* 8 Kan. App. 2d 317, 656 P.2d 783 (1983). Appellee's Petition for Review was accepted by this court. Major portions of the Court of Appeals opinion written by Judge Spencer are incorporated in this opinion.

Of initial concern is whether the trial court properly instructed the jury as to the liability of the union for the tortious acts of its members committed during a lawful labor strike. Defendants requested an instruction which conformed in substance to the provisions of § 6 of the Norris-LaGuardia Act, 29 U.S.C. § 106, which provides:

"No officer or member of any association or organization, and no association or organization participating or interested in a labor dispute, shall be held responsible or liable in any court of the United States for the unlawful acts of individual officers, members, or agents, except upon *clear* proof of actual participation in, or actual authorization of, such acts, or of ratification of such acts after actual knowledge thereof." Emphasis added.

Notwithstanding, the trial court gave its instruction No. 10, which provides:

"You are instructed that no officer, member of any organization, or organization, and no association or organization participating or interested in a labor dispute shall be held responsible or liable in any court of the United States for any acts of individual officers, members or agents except upon proof of actual participation in or actual authorization of any such acts or of ratification of such acts after actual knowledge thereof. The term 'ratification' means to approve and sanction."

Defendant asserts error by the trial court in deleting the word "clear" from its instruction No. 10, which in effect reduced the standard of proof of the union's liability from a clear and convincing standard to one sustained by a preponderance of the evidence.

Despite assertions to the contrary, the record before us does not reveal an objection made to instruction No. 10 as it was given. K.S.A. 60-251(*b*) provides:

"No party may assign as error the giving or failure to give an instruction unless he or she objects thereto before the jury retires to consider its verdict stating distinctly the matter to which he or she objects and the grounds of his or her objection unless the instruction is clearly erroneous."

Although an alternative instruction to instruction No. 10 was provided and requested, a proper and timely objection under 60-251(*b*) was required. *Apperson v. Security State Bank,* 215 Kan. 724, 731, 528 P.2d 1211 (1974); *Kiser v. Gilmore,* 2 Kan. App. 2d 683, Syl. ¶ 5, 587 P.2d 911 (1978), *rev. denied* 225 Kan. 844 (1979). Accordingly, appellate review is limited to a determination of whether the instruction as given was clearly erroneous.

"An instruction is clearly erroneous when the reviewing court reaches a firm conviction that if the trial error had not occurred there is a real possibility the jury would have returned a different verdict." *Musil v. Hendrich,* 6 Kan. App. 2d 196, Syl. ¶ 3, 627 P.2d 367 (1981)."

It is argued that, by reason of § 6 of the Norris-LaGuardia Act,

plaintiff cannot prevail as against the union by meeting only the ordinary burden of persuasion and to have given instruction No. 10, without the requirement of clear proof of actual participation, authorization or ratification of the tortious acts of the union members, was clearly erroneous.

A labor union or its membership is not liable to persons who suffer financial losses as a result of peaceful and lawful labor activities. Courts have uniformly held that labor unions or their membership may be liable, under general principles of agency law, for the common law torts of their officers or members committed during a lawful strike, if the union officers or members authorized, participated or ratified the tortious acts.

In 1932 the United States Congress enacted § 6 of the Norris-LaGuardia Act, 29 U.S.C. § 106. It was not until 1966 in a decision in *Mine Workers v. Gibbs*, 383 U.S. 715, 16 L.Ed.2d 218, 86 S.Ct. 1130 (1966), that the United States Supreme Court had occasion to indicate § 6 applies to federal court adjudications of common law tort claims arising out of labor disputes under state law. Under the standard set by the Act, the plaintiff in a civil suit is not required to satisfy the criminal standard beyond a reasonable doubt nor may he prevail under the ordinary civil burden of a preponderance of the evidence on the issue of participation, authorization or ratification. Plaintiff is required to prove by clear and convincing proof under § 6.

In *Mine Workers v. Gibbs*, 383 U.S. 715, the United States Supreme Court stated:

"This Court has consistently recognized the right of States to deal with violence and threats of violence appearing in labor disputes, sustaining a variety of remedial measures against the contention that state law was pre-empted by the passage of federal labor legislation." 383 U.S. at 729.

"We held in *Brotherhood of Carpenters v. United States*, 330 U.S. 395, 403, that

'whether § 6 should be called a rule of evidence or one that changes the substantive law of agency . . . its purpose and effect was to relieve organizations . . . and members of those organizations from liability for damages or imputation of guilt for lawless acts done in labor disputes by some individual officers or members of the organization, *without clear proof* that the organization or member charged with responsibility for the offense actually participated, gave prior authorization, or ratified such acts after actual knowledge of their perpetration.' " 383 U.S. at 736; emphasis added.

"Although the statute does not define 'clear proof,' its history and rationale suggest that Congress meant at least to signify a meaning like that commonly accorded such similar phrases as 'clear, unequivocal, and convincing proof.'

Under this standard, the plaintiff in a civil case is not required to satisfy the criminal standard of reasonable doubt on the issue of participation, authorization or ratification; neither may he prevail by meeting the ordinary civil burden of persuasion. He is required to persuade by a substantial margin, to come forward with 'more than a bare preponderance of the evidence to prevail.' " 383 U.S. at 737.

In *Brotherhood of Carpenters v. U.S.*, 330 U.S. 395, 403, 91 L.Ed. 973, 67 S.Ct. 775 (1947), it was held in reference to § 6 of the Norris-LaGuardia Act:

"[I]ts purpose and effect was to relieve organizations, whether of labor or capital, and members of those organizations from liability for damages or imputation of guilt for lawless acts done in labor disputes by some individual officers or members of the organization, without clear proof that the organization or member charged with responsibility for the offense actually participated, gave prior authorization, or ratified such acts after actual knowledge of their perpetration."

In *Ramsey v. Mine Workers*, 401 U.S. 302, 28 L.Ed.2d 64, 91 S.Ct. 658 (1971), the court stated:

"The legislative history of § 6 was reviewed at length in *United Brotherhood of Carpenters v. United States* . . . . We have reviewed it again and find nothing to suggest the section means something different from what its language seems to say. Without laboring the matter . . . the simple concern of Congress was that unions had been found liable for violence and other illegal acts occurring in labor disputes which they had never authorized or ratified and for which they should not be held responsible. Congress discerned a tendency in courts to blame unions for everything occurring during a strike. Nor was the problem necessarily limited to labor unions. The straightforward answer was § 6, with its requirement that when illegal acts of any individual are charged against one of the major antagonists in a labor dispute—whether employer or union—the evidence must clearly prove that the individual's acts were authorized or ratified." 401 U.S. at 309-10.

"In our view, § 6 requires clear and convincing evidence only as to the Union's authorization, participation in, or ratification of the acts allegedly performed on its behalf." 401 U.S. at 311.

The issue is whether to follow § 6 of the Norris-LaGuardia Act, or the standard rules concerning burden of proof to establish vicarious liability. See *Brown v. Wichita State University*, 217 Kan. 279, Syl. ¶ 9, 540 P.2d 66 (1975), *modified* 219 Kan. 2, 547 P.2d 1015 (1976); *Gomez v. Hug*, 7 Kan. App. 2d 603, 613, 645 P.2d 916, *rev. denied* 231 Kan. 800 (1982). The Court of Appeals followed 29 U.S.C. § 106. The federal statute requires clear proof of actual participation in or actual authorization of or a knowing ratification of its members' tortious acts before the union is held liable.

The mere fact that Congress has power to legislate in regard to labor law does not exclude the right of the states to legislate on the same subject. There is concurrent power and the state may legislate until that power is actually exercised by Congress. Thus, a state may legislate upon matters which are local in character although embraced within the federal authority until federal authority has preempted the state from acting. The growth of the small local guilds of merchants and craftsmen into national and international unions and the corresponding growth of the small proprietorships to national and multi-national corporations with corresponding federal legislation and regulation have in effect preempted most labor disputes from the state to the federal courts.

Federal courts must follow 29 U.S.C. § 106, but state courts are not bound by the clear, unequivocal, and convincing proof standard of 29 U.S.C. § 106. See *Titus v. Tacoma Smeltermen's Union*, 62 Wash. 2d 461, 383 P.2d 504 (1963); *Buchanan v. Int'l Bhd. of Teamsters*, 94 Wash. 2d 508, 617 P.2d 1004 (1980); *Tulsa General Drivers, Etc., Union v. Conley*, 288 P.2d 750 (Okla. 1955); *United Brotherhood v. Humphreys*, 203 Va. 781, 127 S.E.2d 98 (1962), *cert. denied* 371 U.S. 954 (1963). Some state courts have applied the Norris-LaGuardia Act. See *Melancon v. United Ass'n of Journeymen*, 386 So. 2d 669 (La. App. 1980); *Sowels v. Laborers' Union*, 112 Mich. App. 616, 317 N.W.2d 195 (1981). Other state courts have interpreted state statutes similar to § 106 as requiring a greater burden of proof than under common law rules. *United Aircraft Corporation v. International Assn. of Machinists*, 161 Conn. 79, 285 A.2d 330 (1971), *cert. denied* 404 U.S. 1016 (1972). See generally Annot., 36 A.L.R.3d 405.

The adoption of the "clear proof" standard is a matter of policy, since 29 U.S.C. § 106 applies only to federal courts. Arguments exist for the two alternatives:

(1) Internal consistency within the state is an argument for reversing the Court of Appeals. All rules relating to vicarious liability would remain standardized in state courts in Kansas. The law of vicarious liability would be consistent and understandable.

(2) Consistency between our state and federal courts would be obtained by adopting the clear proof standard of § 6. The United

States Supreme Court in *Mine Workers v. Gibbs,* 383 U.S. at 737, held 29 U.S.C. § 106 applied to federal court adjudications of state tort claims arising out of labor disputes. Forum shopping would not loom as a possibility. Plaintiffs would have no reason to commence actions in state courts attempting to avoid the clear proof standard of federal courts thereby bypassing Congressional intent. Defendant unions would have no reason to attempt removal to federal courts in an effort to obtain the added protection of the clear proof standard. In addition, consistency in the state and federal courts regarding the burden of proof would eliminate the injustice to those litigants having no right to federal jurisdiction. One may prevail in the state system but fail in the federal system under the same factual situation due to the different burdens of proof required.

We recognize that a labor union or its membership may be held liable under the general principles of agency law for the tortious acts of its officers or its members during the course of a lawful strike. The burden of proof as to whether the tortious or illegal act occurred, whether the act proved amounted to a conspiracy, or whether the plaintiff's business was damaged is by a preponderance of the evidence. However, a union may not properly be held liable except on clear and convincing proof of actual participation in or authorization of such acts or of ratification of such acts after actual knowledge thereof. We adopt the clear proof standard of § 6 of the Norris-LaGuardia Act. Failure of the trial court to so instruct the jury in this case was clear error, which requires remand of this case for a new trial.

Having so decided, other issues on appeal need not be addressed. Accordingly, we affirm the decision of the Court of Appeals, reverse the judgment of the district court and remand for a new trial on all issues.

McFARLAND, J., dissenting: The majority correctly concludes that it is a matter of public policy whether or not the Norris-LaGuardia standard of clear proof is adopted in Kansas. The majority then elects to follow the Norris-LaGuardia standard.

The majority opinion also correctly concludes that by virtue of appellant's failure to object to the instruction relative to the standard of proof, the judgment cannot be reversed unless the instruction was clearly erroneous.

When this case was tried the public policy question as to

which of the two legally valid options relative to the standard of proof is preferable had not been determined by this court. In discussing pros and cons of each option, it is obvious the majority does not consider either option to be "clearly erroneous." Therefore, the instruction at the time of trial herein utilizing one of the two equally viable standards of proof cannot be considered "clearly erroneous" based upon this court's subsequent selection of the other option as representing the better public policy.

Further, I would adopt the ordinary burden of persuasion standard rather than the Norris-LaGuardia standard.

I would affirm the judgment of the district court.

SCHROEDER, C.J., joins the foregoing dissenting opinion.